CAUSE NO.: C-1-CV-17-002430

| | |
|---|---|
| SHIAO-YEN HSU, a/k/a ANGEL HSU ) | IN THE COUNTY COURT |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | AT LAW NO. 1 |
| AD ASTRA RECOVERY SERVICES, INC, ) | |
| and THE HANOVER INS. CO ) | |
| ) | |
| Defendants. ) | TRAVIS COUNTY, TEXAS |
| _____ ) | |

## GENERAL DENIAL OF AD ASTRA RECOVERY SERVICES, INC. AND THE HANOVER INSURANCE COMPANY TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Ad Astra Recovery Services, Inc. ("Ad Astra") and The Hanover Insurance Group a/k/a The Hanover Insurance Company ("Hanover") (collectively "Defendants") by and through the undersigned attorneys as and for their General Denial to the Original Petition of Shiao-Yen Hsu ("Plaintiff") states as follows:

### I. GENERAL DENIAL

1.01 Pursuant to Tex. R. Civ. Proc. 92, Defendants deny, each and every, all and singular, allegation set forth in the Plaintiff's Original Petition, and demand strict proof thereof

### II. AFFIRMATIVE DEFENSES

2.01 Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages and/or liability against Defendants.

2.02 Defendant Ad Astra is informed and believes, and thereon alleges, that Plaintiff's claims are governed by a mandatory arbitration provision. Defendants reserves its right to move to compel arbitration accordingly and does not waive the same via this General Denial.

3516792v1

2.03   Defendant Ad Astra affirmatively pleads the defense of bona fide error.  A debt collector may not be held liable in an action if it shows by a preponderance of evidence that the alleged violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Defendant did not intentionally (if at all) violate federal or state laws.

2.04   Defendant Hanover is informed and believes, and thereon alleges, that in the event Defendants are held liable to Plaintiffs, which liability is expressly denied herein, then the liability of Defendant Hanover would be passive, imputed or secondary, while other defendants and/or third parties would be actively or primarily liable for Plaintiffs' alleged injuries and damages.

2.05   Defendant Hanover is informed and believes and thereon alleges that the Plaintiffs are not within the class of persons protected under the Bond.

2.06   Defendant Hanover is informed and believes and thereon alleges that Plaintiffs are barred from recovery as requisite conditions of the Bond, contract, and statutes pursuant to which the Bond was written were not met.

2.07   Defendant Hanover is informed and believes and thereon alleges that the items claimed by the Plaintiffs are not payable pursuant to the terms and conditions of the Bond.

2.08   Defendant Hanover is informed and believes and thereon alleges that any liability on the Bond in this lawsuit is limited to the penal sum set forth on the Bond, and should valid claims on the Bond exceed the penal sum, such claims may only be satisfied on a pro rata basis up to the penal sum of the Bond.

2.09   Defendant Hanover is informed and believes and thereon alleges that it is entitled to assert any and all of the defenses of its principal(s) under any surety bond(s) that may be

3516792v1

EXHIBIT B - Page 2 of 4

applicable. Defendant Hanover hereby incorporates by this reference any and all defenses to the Complaint that could be asserted by Hanover' principal(s).

2.10 Defendant Hanover is informed and believes, and thereon alleges, that should Plaintiffs recover damages from Defendant Hanover, Defendant Hanover is entitled to indemnification in whole or in part from all persons or entities whose conduct and/or fault proximately contributed to Plaintiffs' damages, or who may otherwise be liable for said damages, if any.

2.11 Defendants are presently unaware whether it may have additional, as yet unstated defenses. Defendants hereby reserves all rights under the law to assert in the future additional affirmative defenses to the Petition as they become known during the course of the litigation.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Defendants Ad Astra Recovery Services, Inc. ("Ad Astra") and The Hanover Insurance Group a/k/a The Hanover Insurance Company ("Hanover"), pray that all relief requested by Plaintiff be denied in all things and that Plaintiff take nothing, that the suit be dismissed with prejudice, that the Court assess costs against Plaintiff, and award Defendants all other relief, in law or in equity, to which they are justly entitled.

Respectfully submitted,

Scanlan, Buckle & Young, P.C.
602 West 11th Street
Austin, Texas 78701
dsander@sbylaw.com
(512) 478-4651
Fax (512) 478-7750

By: _____
David Sander
State Bar No. 00788348

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer was forwarded by fax this 13th day of April, 2017 to:

Tyler Hickle
4005C Banister Lane
Ste. 120C
Austin, Texas 78704
Fax 512-870-9505

_____
David C. Sander

3516792v1